UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE TITUS PRICE,

    Petitioner,

Case No. 2:12-CV-13399

HON. AVERN COHN

v.

TOM BIRKETT,

    Respondent.
_____/

## ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR DISCOVERY AND TO EXPAND THE RECORD (Doc. 3)

I.

This is a habeas case under 28 U.S.C. § 2254. Before the Court is petitioner Tyrone Titus Price's motion for discovery and to expand the record. For the reasons stated below, the motion is denied without prejudice.

II.

"A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley,* 520 U.S. 899, 904 (1997). Instead, a habeas petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. To establish "good cause" for discovery, a habeas petitioner must establish that the requested discovery will develop facts which will enable him or her to demonstrate that he or she is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09. A further

limitation on discovery is the recent case of *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398–1401 (2011), in which the Supreme Court held that under the clear language of the 28 U.S.C. § 2254(d), a district court is precluded from considering new evidence when reviewing a petition under § 2254(d) where the petitioner's claims were adjudicated on the merits in state court proceedings. The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker,* 266 F. 3d 442, 460 (6th Cir. 2001).

### III.

Petitioner filed his habeas petition on August 2, 2012. On August 6, 2012, a magistrate judge entered and order requiring respondent to file an answer to the petition for writ of habeas corpus and the Rule 5 materials by February 7, 2013. Respondent has not yet filed an answer to the petition for writ of habeas corpus. Until a respondent files an answer to the habeas petition, "it is impossible to evaluate what, if any, discovery is needed and whether the discovery is relevant and appropriately narrow." *Gengler v. United States ex rel. Dept. of Defense & Navy*, 463 F. Supp. 2d 1085, 1114-15 (E.D. Cal. 2006); *See also Shaw v. White,* No. 2007 WL 2752372, * 3 (E.D. Mich. September 21, 2007). In addition, none of the Rule 5 materials have been received by the Court; "and receipt of those materials may obviate the need to order discovery." *Shaw,* No. 2007 WL 2752372, at * 3. Granting petitioner's discovery request at this time would be premature. Therefore, the motion for discovery will be denied without prejudice. *Id.*

### IV.

For the reasons stated above, Petitioner's motion for discovery and to expand the record is **DENIED WITHOUT PREJUDICE**. The Court will reconsider Petitioner's request, following receipt of the responsive pleading and Rule 5 materials, and determine whether additional discovery is necessary. Petitioner need not file another motion regarding this matter.

**SO ORDERED.**

       S/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated: February 5, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 5, 2013, by electronic and/or ordinary mail.

       S/Sakne Chami
      Case Manager, (313) 234-5160