UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE PRICE,

              Petitioner,              Case Number 12-13399
                                                      Honorable David M. Lawson

v.

TOM BIRKETT,

              Respondent,
_____/

### ORDER TRANSFERRING RULE 60(B) MOTION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT AS A SUBSEQUENT PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Tyrone Price, currently a federal prisoner, previously filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging state court convictions for carrying a concealed weapon, possession of a firearm as a convicted felon, and possession of a firearm during the commission of a felony. The Honorable Avern Cohn denied the petition on the merits. *Price v. Birkett*, No. 12-13399, 2013 WL 1499548 (E.D. Mich. Apr. 10, 2013).

The petitioner now has filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). In that motion, Price contends that he is actually innocent of the charges, there was insufficient evidence to support his firearms convictions, and Judge Cohn erred by denying his post-judgment motion for discovery without requiring a response from the respondent. Price adds the arguments that the prosecutor violated *Brady v. Maryland,* 373 U.S. 83 (1963), by failing to turn over evidence of the fingerprint examination of the weapon; that his convictions for several different firearms convictions violates the Double Jeopardy Clause of the Fifth Amendment; and that his counsel was ineffective.

This Rule 60(b) motion plainly attacks the same state court criminal conviction addressed in his original habeas corpus petition by raising new grounds for relief. The motion therefore is subject to the restrictions on second or successive habeas petitions under 28 U.S.C. § 2244(b)(3), even though Price invoked Rule 60(b). Therefore, the Court must transfer the motion to the court of appeals so that Price may seek permission to file a second or successive petition.

A prisoner who wishes to file a second or successive habeas petition must first ask the court of appeals for an order authorizing the district court to adjudicate the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without first obtaining permission to do so from the court of appeals, the district court must transfer the petition to the court of appeals under 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

A Rule 60(b) motion for relief from judgment amounts to a "second or successive habeas petition" when it seeks to advance one or more substantive claims following the denial of a habeas petition, it seeks leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, it seeks to present newly discovered evidence not presented in the petition, or it seeks relief from judgment due to an alleged change in the substantive law since the earlier habeas petition was denied. *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005). In those instances, the Court of Appeals must authorize the new filing under section 2244(b). A Rule 60(b) motion can be considered as raising "a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532. "A motion that seeks to add a new ground for relief [] will of course qualify" as a successive petition. *Ibid.*

- 3 -

The petitioner's Rule 60(b) motion is an attempt to file second or successive habeas petition because the motion seeks to re-litigate the claims that he previously raised in his prior habeas petition, *see In re Bowling*, 422 F. 3d 434, 440 (6th Cir. 2005), and seeks to add new grounds for relief, *see Brooks v. Bobby*, 660 F.3d 959, 962 (6th Cir. 2011).

Accordingly, it is **ORDERED** that the Clerk of Court transfer the motion for relief from judgment (ECF No. 19) to the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1631.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:  November 2, 2020